IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00090-D-RN-1

**United States of America**,

v.

**Michael Herman, III**,

Defendant.

**Order**

On October 21, 2025, the defendant pleaded guilty to drug and firearm offenses. After the court accepted the defendant's plea and adjudged him guilty, the United States requested that the defendant be detained pending sentencing. The court heard from both parties on the merits of that request.

Federal law generally requires the court to detain a defendant once he has been found guilty of an offense. 18 U.S.C. § 3143(a). And it creates a heightened standard for releasing a defendant, like this one, who has been convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *Id*. § 3143(a)(2).

To avoid detention in this scenario, a defendant must make two showings. To begin with, the defendant must show either that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the United States will recommend that the defendant not receive a sentence of imprisonment. *Id.* § 3143(a)(2)(A)(i)–(ii). After that, the defendant must show by clear and convincing evidence that he "is not likely to flee or pose a danger to any other person or the community." *Id.* § 3143(a)(2)(B).

The defendant cannot make the necessary showing to justify his release under § 3143(a)(2). He has not shown that there is a substantial likelihood that a motion for acquittal or new trial will

be granted. And this is not a case in which the United States will recommend that the defendant not receive a sentence of imprisonment.

There is, however, another avenue for the defendant to be released pending sentencing even if he cannot meet § 3143(a)(2)'s standard. Under 18 U.S.C. § 3145(c), the court may release a defendant subject to detention under § 3143(a)(2) if the defendant makes two showings. To begin with, he must show that he would be releasable under § 3143(a)(1). *Id.* § 3145(c). That requires him to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. *Id.* § 3143(a)(1). And then he must "clearly" demonstrate "that there are exceptional reasons why" his "detention would not be appropriate." *Id*.

For the reasons stated on the record, the defendant has not clearly shown that exceptional reasons exist making his detention inappropriate. Thus he cannot rely on § 3145(c) to justify his release.

So the court grants the United States' motion for detention. The defendant is remanded to the custody of the United States Marshal for confinement in a corrections facility. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. When ordered by this court or requested by an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to a United States Marshal to appear in court.

Dated: October 21, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge